## JAMES REED v. THOMAS DEHORTY, et al.

Court of Common Pleas. Kent. December, 1804.

*Rodney's Notes.*

*Clayton* [for plaintiff]. *H. Ridgely* [for defendants].

John Price. As I went to my work in the morning, the family of plaintiff were living in the house. As I came back in the evening, the defendants had moved it fifteen or twenty yards. Reed had lived there four or five years before, was not at home at the time. Some of them said plaintiff was too poor to go to law. Thomas Dehorty claimed the house by purchase from Hughlett.

David Stradley. T. D., after moving the storehouse, required the hands to assist in moving the dwelling. Saw some of the family going from this house over to the other. Goods Dehorty said belonged to Reed. I did not go till one hour after the others. Reed tilled the garden, the lot was not tilled at all.

William Reed. Last May was two years T. D. asked me to help move the cribbage store. I agreed, but refused to help move Reed's house. Plaintiff, his wife, and daughter lived in the house, and had two or three years before, and his sons two years before that.

Henry Carter. I saw the house, and afterwards a day or two saw a fire in the morning which appeared to have been done with design to burn it. Some of Reed's goods were in it. Two or three nights after, the house was burnt. The lot was tended either that year or the year before by Dehorty, but Reed was in possession of the house and garden till house was moved.

*H. Ridgely* for defendants.

January 18, 1797. Deed from sheriff to William Hughlett for Reed's land, house and one acre.

October 1, 1800. Deed from W. H. and wife to Thomas Dehorty. Consideration £17.

James Whitaker. The land was enclosed by Dehorty the year before the house was moved, and has been in possession ever since. Reed lived in the house before it was moved one, two, or three years; about 1799 Widow Reed lived some time in the house.

Sidney Reed. My father lived in the house upwards of three years, Widow Reed one year before him, and my brothers two years before her. She rented of Martin Reed.

James Reed to prove the loss of a deed. John Hudson to Andrew Edwards, and him to Martin Reed.

Paper proved by William Reed.

*Clayton.* In the action of trespass, possession alone is sufficient. Sheriff cannot deliver possession himself. 2 Show. 85, sheriff cannot deliver possession, but purchaser must bring his ejectment. 1 Bl.Comm. 179, 175, by deforcement or discontinuance, the party must bring his suit to enter on the plea of *liberum tenementum*. Defendants must prove the freehold in all the defendants.

*H. Ridgely.* This was a holding under Reed against the title which was in Dehorty, and moving the house, which was his own, could not injure Reed. And no proof of any other person but Dehorty being present. 3 Bl.Comm. 214, in trespass dam-

age *only* can be given. 5 Bac.Abr. 166, plaintiff's possession must be rightful. Plaintiffs have failed in showing that defendants turned the plaintiff out forcibly. If defendant can show he has title, it is sufficient justification.

*Clayton.* Peaceable possession alone sufficient for us to recover.

*Bassett* in conclusion. [2] Esp.N.P. 402, 403, possession is a sufficient title in trespass *vi et armis.* An interest in the soil is not necessary, an interest in the profits is sufficient. Bac.Abr. He who has the freehold cannot maintain trespass for an injury while it is in possession of another.

CHIEF JUSTICE. In this case defendants plead the land was their own freehold. If a man can get possession of his lands peaceably, he may take it. In this case [there are] three questions: whether he got possession peaceably, whether plaintiffs had a rightful possession, and [whether] defendant had good title. Possession is sufficient to support this action against a wrongdoer, and so if he has a rightful possession, this title in ejectment could not prevail. The plea of *liberum tenementum* should apply in this case to Thomas Dehorty alone.

Verdict for plaintiff, $50.